**LOTZ, Exrx., Plaintiff-Appellee, v. DAVIS et, Defendants-Appellants.**

Ohio Appeals, Second District, Shelby County.

No. 126.   Decided March 1, 1943.

E. J. Garmhausen, Sidney, for Flossie A. Lotz, exrx., etc.
H. K. Forsyth, Sidney, for defendants-appellants, Hugh Stahler and Emma Weaver.

**OPINION**

By GEIGER, J.

Flossie A. Lotz, as executrix of the estate of Elmer E. Glick, deceased, filed a petition in the Probate Court of Shelby County, seeking instruction by that court with respect to the payment of a legacy in the amount of $1000.00. The Probate Court found that the legacy in question had lapsed and directed the payment to the residuary legatees, from which finding the defendants-appellants appealed to this court.

The last will and testament of Elmer E. Glick, concerning which instructions are sought, provides, in so far as the question is here raised, as follows:

"SECOND: I give, Devise and Bequeath to my wife Mary L. Glick all of my property both real and personal, or mixed, of which I shall die seized, and possessed, or which I shall be entitled to at the time of my decease; to have and to hold with all the profits and incomes. But in the event that the said Mary L. Glick marries again, or at her death, I hereby give, devise and bequeath to three grandchildren, heirs of Glendale C. Glick, viz., Ruth Glick Davis, Neva Glick, and Leo Glick, One Thousand Dollars each * * *.

"I hereby give, devise and bequeath, to my daughter Flossie A. Lotz all the residue of my estate, both real and personal, of which I die seized, to have and to (word omitted in will) with all the profits thereof. But if the said Flossie A. Lotz is not living at the time of the distribution of my estate, then the heirs of her body, shall have her part of my estate."

The will was dated June 22, 1922, and the testator died on August 11 of the same year. Mary L. Glick, the widow and tenant for life, died January 21, 1942. Neva Glick (Stahler) died April 30, 1929. The defendants-appellants are Hugh Stahler, surviving spouse of Neva Glick (Stahler), deceased, and Emma Weaver, mother and surviving parent of Neva Glick (Stahler) deceased.

The only question raised by the defendants-appellants is the correct construction of the will with respect to the disposition of the bequest to Neva Glick (Stahler).

Counsel on each side of this controversy have presented most excellent briefs which have engaged our attention and

which have led us to study many cases cited and commented upon.

However, we conclude that we need not go far afield or examine in detail the cases alluded to, but that we may base our judgment in this matter upon the case of **Ohio National Bank, Trustee, v Boone et al., Appellees, 139 Oh St 361.** Each paragraph of the syllabus of this case seems to us to be pertinent and controlling.

"1. Ordinarily, a will speaks as of the death of the testator.

2. The law favors the vesting of estates at the earliest possible moment, and a remainder after a life estate vests in the remainderman at the death of the testator, in the absence of a clearly expressed intention to postpone the vesting to some future time.

3. To the frequently stated general rule, that if there is no gift in a will but a direction to pay at a future time or event, the legacy will not vest in the beneficiary until the time for payment arrives, is the well recognized exception that where the postponement of payment is for the convenience of the estate, as the appropriation of the subject-matter of the legacy to the use and benefit of another for life, the ultimate interest will vest at the death of the testator. Under such exception, the postponement of payment relates merely to the enjoyment of the legacy and is not attached to the substance thereof.

4. Where a testator wills a part of his estate to another, directing that she shall receive therefrom a stipulated sum annually for and during her natural life and further provides that after her death the unconsumed portion shall be paid to "my heirs, share and share alike," the remainder in such portion of the estate as may be unconsumed by the life beneficiary vests at the testator's death in such person or persons as then answer the description of testator's heirs under the statute of descent and distribution in force at such time, unless a contrary design on the part of the testator is plainly apparent."

In that case it was decided by the Probate Court that the interest in remainder under Item XI of the will vested at the death of the testator in his sister as his sole heir at law and judgment was entered in accordance with such determination.

On appeal from the Probate Court to the Court of Appeals the judgment of the Probate Court was reversed by a divided

court, **Bank, Trustee, v Bright, 34 Abs 453,** the majority opinion being to the effect that the estate in remainder did not vest until the death of the life tenant.

In the Bank case, after fully discussing all pertinent decisions the majority of the Supreme Court states:

"For the reasons announced, the judgment of the Court of Appeals is reversed and that of the Probate Court affirmed."

In this decision announced by Zimmerman, J., three judges concurred, making a total of four judges concurring in the reversal. Turner, J., dissented, stating:

"In our opinion this case comes within the principles declared in the case of **Barr v Denney, 79 Oh St 358,** and was, therefore, correctly decided by the Court of Appeals."

In this dissenting opinion by Turner, J., three judges concurred. The decision of the court is thus suported by four judges, with a dissent by three.

The case of **Barr v Denney, 79 Oh St 358,** to which the dissenting judges in the Bank case refer, holds that where the testator, after the death of his wife, who was a life tenant of all of his property, directs that his property be sold by the executors and distributed equally to his heirs, the rule that a bequest in the form of a direction to pay or to pay and divide at a future period, vests immediately, if the payment be postponed for the convenience of the fund or estate, or merely to let in some other interest, does not apply. **Linton v Laycock, 33 Oh St 128,** being distinguished, and **Richey v Johnson, 30 Oh St 288, Sinton v Boyd, 19 Oh St 30,** and **Hamilton v Rogers, 38 Oh St 242,** approved and followed.

The will before us names the three grandchildren of the testator who are to take one thousand dollars each in the event that the widow marries again, or at her death.

Inasmuch as the judges of the Supreme Court have differed so widely as to the controlling principles of the Barr case and those of the Bank case, we feel that it would be idle for us to point out these differences which we feel do, as a matter of fact, exist.

We are of the opinion that the Bank case, while it is by a divided court, yet is the expression of the law of Ohio, and we, therefore, choose to take it as an authority rather than the Barr case or any other of the cases cited by counsel.

The proceeds of the telephone stock is to be distributed as part of decedent's estate.

The judgment of the Probate Court is reversed in part, and coming now to render the opinion which the court below should have rendered, we direct an entry in accordance with this opinion.

BARNES, P. J., and HORNBECK, J., concur.